**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| DISH NETWORK L.L.C., Plaintiff, v. FUN DISH, INC., Defendant. | Case No. JUDGE **COMPLAINT WITH JURY DEMAND ENDORSED HEREON** |

Plaintiff DISH NETWORK, L.L.C. ("DISH Network" or "Plaintiff") for its Complaint against Defendant FUN DISH, INC. ("Fun Dish" or "Defendant"), avers as follows:

## I. PARTIES

1. Plaintiff DISH Network L.L.C. is a limited liability company organized under the laws of Colorado with its principal place of business in Colorado.

2. Upon information and belief, Defendant Fun Dish, Inc. ("Fun Dish" or "Defendant") is a corporation incorporated under the laws of Ohio with its principal place of business in Ohio.

## II. JURISDICTION & VENUE

3. This Court has subject matter jurisdiction over DISH Network's claims under and pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121 to the extent those claims arise under 15 U.S.C. §§ 1114(1) and 1125(a). This Court has supplemental jurisdiction under and pursuant to 28 U.S.C. § 1367 over the related state claims. This Court has jurisdiction over the remaining claims under and pursuant to 28 U.S.C. § 1338 because diversity exists and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391, as Defendant is doing business in this judicial district and therefore may be found in this district, and/or as a substantial part of the events giving rise to the claims alleged here occurred in this district, and/or the infringement and/or dilution occurred in this judicial district.

5. This action should be assigned to the Eastern Division of this Court because a substantial part of the events that give rise to these claims occurred in Cuyahoga County and other counties falling under the jurisdiction of this division pursuant to Rule 3.8 of the Local Rules of the Northern District of Ohio.

## III. FACTUAL ALLEGATIONS

6. DISH Network has marketed and sold satellite television goods and services under the registered mark DISH NETWORK® since 1996. (App. A, Fig. 7.) In conjunction with these business activities, DISH Network owns a total of ten (10) registered trademarks and service marks incorporating the word "DISH," including a trademark in the standard characters of the word DISH itself, the registration for which issued on June 3, 2008. (App. A., Figs. 1-10.) DISH Network also owns registrations covering marks in the standard characters of the phrases DISH NETWORK®, DISH COMM®, and POCKETDISH®. (App. A, Figs. 7-9.)

7. As a result of DISH Network's advertising and sales and the widespread use of its goods and services by the public, consumers of satellite television goods and services have come to strongly associate the word DISH with DISH Network and its various DISH marks, particularly when the word DISH is not immediately preceded by "satellite" and/or when DISH is incorporated into a business name or telephone number used in connection with satellite television goods and services. In fact, this association is so strong that many consumers refer to DISH Network and/or its DISH marks as "Dish." This usage of DISH has become distinctive

for DISH Network's goods and services, and DISH Network has established common law rights to such usage in addition to the rights represented by its various registered DISH marks.

8. DISH Network has sold billions of dollars worth of satellite television goods and services, has spent millions of dollars advertising satellite television goods and services to cultivate the DISH brand.

9. As a result of its extensive sales and of the excellence of its goods and services, DISH Network has built up and now enjoys tremendous and valuable good will in its business as represented by the above-named marks.

10. One of many well-known uses of the word DISH by DISH Network in connection with DISH Network's satellite television products and services is its customer service telephone number: 1-800-333-3474, which is marketed in numerous advertising campaigns in print, electronic, and broadcasting media as "1-800-333-DISH." DISH Network customers have come to recognize and remember 333-DISH as DISH Network's toll-free "vanity number." As a result, DISH Network has acquired common law rights in the term 333-DISH and its equivalents as used in connection with satellite television goods and services.

11. For many years, DISH Network has used and marketed its toll free vanity number, 1-800-333-DISH, to aid consumers in calling DISH Network customer service.

12. DISH Network has learned that Defendant is and has been unlawfully profiting at DISH Network's expense by intentionally using the term DISH in unfair, confusing, and misleading ways.

13. Defendant operates its satellite television business under the trade name "Fun Dish." "Fun Dish" is a colorable imitation of one or more of DISH Network's registered DISH marks, including DISH NETWORK®, DISH COMM®, and POCKETDISH®, as well as DISH

Network's other DISH marks and uses of DISH in connection with its satellite television goods and services. DISH Network did not give Defendant permission to imitate its DISH marks by using in commerce the name "Fun Dish.".

14. Upon information and belief, Defendant has obtained use of the telephone number 333-DISH in conjunction with the toll free prefixes, "866," "877" and "888." DISH Network did not give Defendant permission to use the DISH mark in commerce as part of telephone numbers used for Defendant's business.

15. When a DISH Network customer dials the "866," "877" or "888" prefix along with DISH Network's customer service number, 333-DISH, the customer is connected with a representative of Defendant.

16. Upon answering a toll free 333-DISH call, Defendant's representatives do not identify themselves as such, but, to the contrary, lead callers to believe falsely that they represent DISH Network. Through deception and coercion, Defendant's representatives "flip" DISH Network customers or potential customers to DirecTV, DISH Network's largest competitor.

17. The use by Defendant of the name "Fun Dish" and the toll free telephone numbers ending with "333-DISH" in connection with satellite television goods and services has caused and will continue to cause confusion, mistake or deception among purchasers and potential purchasers of products and services identified with the DISH marks as to the source or origin of the services rendered and goods sold by Defendant by reason of the fact that purchasers are likely to believe that Defendant's goods and services originate from, or are in some way properly connected with, approved by, sponsored by, or endorsed by DISH Network.

18. Moreover, the use by Defendant of the name "Fun Dish" and the toll free telephone numbers ending with "333-DISH" in connection with the satellite television industry

has induced and will continue to induce persons to buy, use and recommend competing goods and/or services when instead they intend to buy, use, and recommend DISH Network's goods and/or services. Such deception and mistake has caused and will continue to cause great damage to DISH Network and erodes the good will that DISH Network has developed.

19. Defendant is unfairly trading on and appropriating the reputation and good will of DISH Network's DISH marks for its own commercial gain.

20. Upon information and belief, Defendant's adoption and use of colorable imitations of the DISH marks was and is deliberate, intentional, knowing and willful and done with the intent to confuse, mislead, or deceive the public, thereby causing Defendant to profit to an extent which it would not otherwise enjoy.

21. Upon discovery of Defendant's activities, DISH Network by letter requested that Fun Dish cease and desist its improper uses of DISH Network's mark, but Fun Dish's practices continue.

22. By reason of the acts of Defendant alleged herein, DISH Network has suffered, is suffering and will continue to suffer irreparable damage and, unless Fun Dish is restrained from continuing these wrongful acts, the damage to DISH Network will increase.

23. DISH Network has no adequate remedy at law.

## IV. CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### (Lanham Act § 43(a), 15 U.S.C. § 1125(a))

24. DISH Network repeats and realleges each of the allegations set out in paragraphs 1 through 23 as if fully set forth herein.

25. The confusion, mistake or deception referred to herein arises out of the aforesaid acts of Defendant which constitute false designation of origin, common law trademark

infringement and/or unfair competition in violation of § 43(a) of the Trademark Act of 1946, as amended, 15 U.S.C. § 1125(a).

**SECOND CAUSE OF ACTION**
**(Lanham Act § 32, 15 U.S.C. § 1114(1)(a))**

26. DISH Network repeats and realleges each of the allegations set out in paragraphs 1 through 23 as if fully set forth herein.

27. Defendant's above-averred actions constitute infringement of federally registered trademarks in violation of § 32 of the Trademark Act of 1946, as amended, 15 U.S.C. § 1114(1)(a).

**THIRD CAUSE OF ACTION**
**(Common Law Trademark Infringement and Trade Name Infringement)**

28. DISH Network repeats and realleges each of the allegations set out in paragraphs 1 through 23 as if fully set forth herein.

29. By their acts alleged herein, Defendant has engaged in trademark infringement and trade name infringement under the common law of the State of Ohio.

**FOURTH CAUSE OF ACTION**
**(Ohio DTPA, Ohio Rev. Code § 4165.02)**

30. DISH Network repeats and realleges each of the allegations set out in paragraphs 1 through 23 as if fully set forth herein.

31. By the aforesaid acts, Defendant violated one or more provisions of the Ohio Deceptive Trade Practices Act, Ohio Rev. Code sec 4165.02.

**FIFTH CAUSE OF ACTION**
**(Common Law Unfair Competition)**

32. DISH Network repeats and realleges each of the allegations set out in paragraphs 1 through 23 as if fully set forth herein.

33. By their aforesaid acts, Defendant has engaged in unfair competition pursuant to the common law of the state of Ohio.

## V. DEMAND FOR JUDGMENT

WHEREFORE, DISH Network requests that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief including, but not limited to, the following:

1. Defendant, its officers, agents, servants, employees, attorneys, parents, subsidiaries and related companies and all persons acting for, with, by, through or under them, with notice of the Court's Order by personal service, electronic mail, or otherwise, and each of them, be temporarily, preliminarily and thereafter permanently enjoined and restrained from:

a. using “333-DISH,” and/or “333-3474” in any way related to the satellite television industry;

b. using the name “Fun Dish” as a corporate or trade name in connection with a satellite television business;”

c. using in any manner any colorable imitation of one or more of the DISH marks in connection with Defendant’s goods or services in such a manner that is likely to create the erroneous belief that said goods or services are authorized by, sponsored by, licensed by or are in some way associated with DISH Network; and

  d. otherwise engaging in any other acts or conduct which would cause consumers to erroneously believe that Defendant's goods or services are somehow sponsored by, authorized by, licensed by, or in any other way associated with DISH Network.

  2. An Order requiring Defendant to transfer to DISH Network the telephone numbers 866-333-3474, 877-333-3474 and 888-333-3474;

  3. An Order requiring Defendant to pay DISH Network:

  a. compensatory damages in an amount as yet undetermined caused by the above-mentioned acts of dilution, infringement, false designation of origin, passing off, unfair competition, conspiracy and misappropriation and that such damages be trebled in accordance with 15 U.S.C. § 1117;

  b. all profits realized by Defendant by reason of their unlawful acts alleged herein;

  c. punitive damages as may be permitted by law or in the discretion of the Court;

  d. DISH Network's costs and attorneys' fees in this action pursuant to 15 U.S.C. § 1117 and other applicable laws; and

  4. Such other and further relief as the Court may deem appropriate to prevent the public from deriving the erroneous impression that any goods or services provided by or promoted by Defendant are authorized by Plaintiff or related in any way to Plaintiff, its products or services.

       **CALFEE, HALTER & GRISWOLD LLP**

       /s/ Raymond Rundelli
       Raymond Rundelli (0030778)
       rrundelli@calfee.com
       Jennifer B. Wick (0074340)
       jwick@calfee.com
       1400 KeyBank Center
       800 Superior Avenue

Cleveland, Ohio 44114-2688
(216) 622-8200
(216) 241-0816 (facsimile)

**ATTORNEYS FOR PLAINTIFF**

**<u>JURY DEMAND</u>**

Plaintiff requests trial by jury on all issues so triable.

**CALFEE, HALTER & GRISWOLD LLP**

<u>/s/ Raymond Rundelli</u>
Raymond Rundelli (0030778)
rrundelli@calfee.com
Jennifer B. Wick (0074340)
jwick@calfee.com
1400 KeyBank Center
800 Superior Avenue
Cleveland, Ohio 44114-2688
(216) 622-8200
(216) 241-0816 (facsimile)

**ATTORNEYS FOR PLAINTIFF**

# Appendix A

DISH Network Corporation's Registered Trademarks

Registration No. 2155313
Figure 1

Registration No. 2249937
Figure 2

Registration No. 3066071
Figure 3

Registration No. 2291872
Figure 4

Registration No. 2145146
Figure 5

Registration No. 2080934
Figure 6

DISH NETWORK

Registration No. 3264300
Figure 7

DISH COMM

Registration No. 3118503
Figure 8

PocketDISH

Registration No. 3313606
Figure 9

DISH

Registration No. 3440594
Figure 10