UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DISH NETWORK, LLC | ) | CASE NO. 1:08 CV 1540 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE CHRISTOPHER A. BOYKO |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| | ) | |
| FUN DISH INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on the Report and Recommendation of Magistrate Judge McHargh regarding DISH Network, LLC's (Plaintiff) 12(b)(6) Motion to Dismiss Fun Dish Inc., et al's (Defendants) Eight, Ninth and Tenth Counterclaims.  After conducting a *de novo* review of the issues raised, the Court ADOPTS IN PART and DENIES IN PART the Report and Recommendation. Therefore, the Court dismisses Defendants' Eighth Counterclaim for failure to assert an antitrust injury. The Court does not dismiss Defendants' Ninth Counterclaim because Defendants have asserted other allegations other than antitrust actions. Finally, Defendants' Tenth Counterclaim is dismissed due to conclusory allegations that do not overcome the threshold of Twombly.

**I.  Factual Background**

Plaintiff holds seven registered trademarks and service marks incorporating the word "DISH." *See* Doc. 74, ¶¶ 17, 52; *See* also Doc. 12, supporting exhibits to Motion for Preliminary Injunction. Plaintiff is one of the major direct broadcast satellite (DBS) television providers.  Defendant Dish

1

Up is a retailer of DirecTV, the other major DBS provider. Dish 1 Up operates call centers using a "confusingly similar phone number" to Plaintiff's 1-800 number. (Doc. 74, Third Am. Compl., at ¶¶ 10-16; Doc. 89, Counter-Complaint, at ¶ 13.) Plaintiff submitted a Third Amended Complaint to include this issue as it claims the Defendants are using this "confusingly similar phone number" to mislead and confuse consumers. *See*, e.g., Am. Compl., at ¶¶ 10-16. Plaintiff also claims that Defendants used, without authorization, Plaintiff's name and federally registered trademarks and logos. *See* generally Am. Compl. Plaintiff's primary telephone number is 800-333-DISH (3474), and Defendants' "confusingly similar phone numbers" include 888-333-DISH (3474) and 866-333-DISH (3474). (Am. Compl., at ¶¶ 10-11.) The toll-free numbers at issue are owned by Defendant Fun Dish of Florida and credit card transactions are processed by Defendant Fun Dish.

In part, Defendants claim Plaintiff improperly secured a trademark on the generic word "DISH". And due to this improper and invalid trademark Plaintiff has engaged in "predatory and anti-competitive acts" including: claiming exclusive common law trademark rights in "vanity" telephone numbers and asserting exclusive trademark rights to marketing phrases containing the generic word "DISH". Defendants claim that it is a fundamental principle of trademark law that the exclusive appropriation of a generic term for a class of goods for a trademark is not permitted, because it not only injures, but destroys competition. *See* Canal Co. v. Clark, 80 U.S. 311, 323 (1872). The Defendants filed their counterclaims upon this basis.

**II. Law and Analysis**

**A. Civil Rule 72(b) Standard**

Pursuant to Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(c), the District Court shall review *de novo* any finding or recommendation of the Magistrate's Report and Recommendation that has

been specifically objected to.  The District Court need only review the Magistrate Judge's factual or legal conclusions that are specifically objected to by either party.  Thomas v. Arn, 474 U.S. 140, 150 (1985).

> Local Rule 72.3(b) reads in pertinent part:
>
> The District Judge to whom the case was assigned shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.

**B.  Pleadings Standard Pursuant to Civil Rule 8(a)(2)**

When a motion to dismiss for failure to state a claim under Rule 12(b)(6) is filed, the Complaint is assessed pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) requires that the Complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  However, the pleadings requirement is no longer governed by the lower threshold of the "no set of facts" standard established in Conley v. Gibson, 355 U.S. 41 (1957).

In Bell Atlantic Corp. v. Twombly, the Court asserted:

> While a complaint attacked by a rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

550 U.S. 544, 555 (2007).  While "detailed factual allegations" are not required, the facts garnered must be sufficient to "state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).  The Supreme Court has clarified that the scope of the

plausibility standard applies "to all civil actions." Boroff v. Alza Corp., 685 F. Supp. 2d 704, 707 (N.D. Ohio 2010) (quoting Iqbal, 129 S. Ct. at 1953). The universal applicability of the plausibility standard was rooted in the Supreme Court's interpretation and application of Rule 8, which governs "all civil actions and proceedings in the United States district courts," as set forth in Fed. R. Civ. P. 1. Iqbal, 129 S. Ct. at 1953.

The Court summarized its new "plausibility" standard as follows:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. 554)..

A motion to dismiss for failure to state a claim upon which relief can be granted is procedural, and tests the sufficiency of the complaint. Miller v. Currie, 50 F.3d 373, 377; State ex rel. Hanson v. Guernsey County Bd. of Comm'rs, 65 Ohio St.3d 545, 548 (1992). The court must construe the complaint in the light most favorable to the plaintiff, and, for the purposes of this motion, accept all factual allegations as true. Central States Pension Fund v. Mahoning Nat'l Bank, 112 F.3d 252, 255 (6th Cir. 1997). However, the court is "not bound to accept a true legal conclusion couched as a factual allegation." Iqbal, 129 S.Ct. at 1950 (quoting Twombly, 550 U.S. at 555).

**III. The Recommendation of the Magistrate Judge**

**A. Sherman Act, Antitrust Violations Claim (Claim 8)**

Magistrate Judge McHargh correctly concludes that Defendants Eighth Counterclaim should fail, due to Defendants' failure to allege an antitrust injury.  Plaintiff's Motion to Dismiss Claim Eight of Defendant's First Amended Counter Claim (FACC) is based on four theories, all of which Defendants' challenge.  First, the Motion argues that the Defendants failed to plead an "antitrust injury." (Doc. 94, at 5-8).  Second, the counterclaim should fail because the Defendants do not allege "antitrust standing." *Id.* at 8-10.  Third, the antitrust counterclaim should fail because the Defendants do not allege a plausible "attempted monopoly."  *Id*. at 10-15.  Plaintiff's final theory is that the counterclaim must fail because the Plaintiff's conduct constitutes government petitioning that is protected by the *Noerr-Pennington* doctrine.  *Id*. at 15-18.  Magistrate Judge McHargh recommends dismissal upon these four theories.  Although the Court does not adopt the Magistrate Judge's full opinion upon these issues, the outcome still results in dismissal of this claim.

As a threshold matter, to assert a claim under the federal antitrust laws, the plaintiff must have suffered "antitrust injury," meaning "injury of the type the antitrust laws were intended to prevent and that flows from that which makes the defendant's acts unlawful." Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc., 429 U.S. 477, 489 (1977).  The Sixth Circuit applies a two-pronged test requiring the plaintiff to show "(1) that the alleged violation tends to reduce competition in some market and (2) that the plaintiff's injury would result from a decrease in that competition rather than from some other consequence of the defendant's actions." Tennessean Truckstop, Inc. v. NTS, Inc., 875 F.2d 86, 88 (6th Cir.1989); *see also*, Baum Research and Development Co., Inc.. v. Hillerich & Bradsby Co., Inc., 31 F.Supp.2d 1016, 1022 (E.D.Mich.1998).  In order to have antitrust standing "[a] private antitrust plaintiff, in

addition to having to show injury-in-fact and proximate cause must allege ... 'antitrust injury.' " In re Cardizem CD Antitrust Litigation, 332 F.3d 896, 909 (6th Cir.2002) (citing Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc., 429 U.S. 477, 489 (1977)).

The causation ("flows from") prong of antitrust injury largely overlaps a constitutional standing requirement that applies to federal claims generally, and not just to antitrust claims specifically. Under Article III, § 2 of the U.S. Constitution, federal judicial power extends only to *actual* cases and controversies and not to merely *abstract* or *hypothetical* legal issues. *See* Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992), ("It is an axiomatic principle of standing that no case may be had without *injury-in-fact*.") This has been construed to mean that to have constitutional standing to assert a claim in federal court, a plaintiff must have suffered (or be threatened with) an "injury-in-fact" that was "caused" by the defendant's allegedly illegal acts and that can be "redressed" through judicial action.

The Defendants, in the instant case, fail to allege an "injury-in-fact." At best, Defendants assert that "Plaintiff has sought to impair competition ..." (Doc 89, ¶ 40). This merely means that the Plaintiffs may cause, or tried to cause, an impairment to competition. Defendants never assert an injury to competition, in fact; during the Oral Proceedings Defendants said, "it is true that we have not alleged damage to a large group of other individuals. That's because we don't know about them." (Doc. 107, pg. 32 line 25, pg. 33 lines 1-2.) As stated in Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, an antitrust claimant must do more than make "allegations of consequential harm resulting from a violation of the antitrust laws," and that is true even when the complaint is "buttressed by an allegation of intent to harm the [claimant]." 459 U.S. 519, 545 (1983). All other allegations by Defendants are conclusory in

6

nature and failed to allege any type of "injury-in fact." Therefore, the Court ACCEPTS and ADOPTS the Magistrate Judge's Report and Recommendation, recommending that Defendant's Eight Counterclaim be dismissed.

**B. Common Law Unfair Competition (Claim Nine)**

Magistrate Judge McHargh's Report and Recommendation recommends that Defendants Common Law Unfair Competition counterclaim should be dismissed. The Magistrate Judge comes to this decision via ProMold and Tool Co., Inc. v. Great Lakes Plastics, Inc., 75 F.3d 1568, 1574-1575 (Fed. Cir. 1996). The Magistrate Judge correctly applied the court's reasoning in ProMold and Tool Co., Inc. v. Great Lakes Plastics, Inc., however, the instant case is distinguishable on the facts and survives the ProMold conclusion.

Pro-Mold is fundamentally different from the instant case because, unlike this case, the claims in Pro-Mold involved unfair competition claims *solely based* on the assertion of an invalid patent. As Defendants have mentioned in their Opposition to Counter-Defendant's Motion to Dismiss, they not only allege the claims of inequitable conduct in attaining the trademark *but also* "repeat and allege each of the allegations set out in paragraphs 1 through 73." (Doc. 99 at pg. 19). Such paragraphs contain additional allegations that would not be dismissed under ProMold, including; (i) threatened or brought enforcement actions for the sole purpose of harassing and injuring a rival (Doc. 99, ¶¶ 1, 69-70, 74-77); and (ii) employed unethical, manipulative and fraudulent tactics in its attempt to obtain illegitimate trademarks as a means of paralyzing its competitors (FACC, ¶¶ 11-13, 16, 18-24). Since these other allegations exist and the reasoning in ProMold does not apply to the instant case, the Court MODIFIES IN PART the Magistrate Judge's Report and Recommendation, by holding that

7

Defendant's Ninth Counterclaim survives Plaintiff's Motion to Dismiss.

**C. Common Law Tortious Interference with Prospective Business Advantage (Claim Ten)**

Magistrate Judge McHargh recommends that Defendants' Tenth Counterclaim be dismissed because it does not adequately allege "that any particular third party was 'purposely caused' not to enter into a business relationship' with the Defendants. (Doc. 127 at pg. 29). Under Ohio law, the elements for pleading tortious interference with a prospective business opportunity are:

> (1) the existence of the prospect of a business relationship;
> (2) that defendant knew of the plaintiff's prospective relationship;
> (3) that defendant intentionally and materially interfered with the plaintiff's prospective relationship;
> (4) without justification; and
> (5) caused plaintiff to suffer damages.

Chrvala v. Borden, Inc., 14 F. Supp 2d 1013, 1023 (S.D. Ohio 1998).

The Magistrate Judge correctly concludes that the Defendants failed to allege any right to relief that rises above a speculative level. (Doc. 127 at pg. 29). The conclusory allegations in Defendants' claim do not allege that Plaintiff knew of any prospective relationships between Defendants and any potential customer. Defendants, in order to survive a motion to dismiss a claim, must state factual allegations sufficient enough to raise a right to relief above the speculative level. Twombley, supra, at 555. Defendants fail to sufficiently allege facts that satisfy the elements of the claim. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief', and would not survive a motion to dismiss." Id. at 567. Therefore, the

Court ACCEPTS and ADOPTS the Magistrate Judge's Report and Recommendation, recommending that Defendant's Tenth Counterclaim be dismissed.

## IV.  CONCLUSION

For the foregoing reasons, the Court ACCEPTS and ADOPTS the Magistrate Judge's Report and Recommendation to dismiss Defendant's Eighth and Tenth Counterclaims and MODIFIES IN PART the Magistrate Judge's Report and Recommendation as to the Ninth Counterclaim, declining to dismiss the Ninth Counterclaim.

**IT IS SO ORDERED.**

**Dated: December 16, 2010**

                                             *S/Christopher A. Boyko*
                                             **CHRISTOPHER A. BOYKO**
                                             **UNITED STATES DISTRICT JUDGE**