IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DISH NETWORK L.L.C.,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:08-CV-1540 |
| v. | ) | |
| | ) | Hon. Christopher A. Boyko |
| **FUN DISH, INC., FUN DISH OF FLORIDA, INC.,** | ) | |
| **AND DISH 1 UP SATELLITE, INC.,** | ) | Magistrate Judge McHargh |
| | ) | |
| Defendants. | ) | **OPPOSITION TO DEFENDANTS'** |
| | ) | **MOTION FOR PROTECTIVE ORDER** |
| | ) | **AND PLAINTIFF'S MOTION FOR** |
| **FUN DISH, INC., FUN DISH OF FLORIDA, INC.,** | ) | **SANCTIONS** |
| **AND DISH 1 UP SATELLITE, INC.,** | ) | |
| | ) | |
| Counterclaimants, | ) | |
| v. | ) | |
| | ) | |
| **DISH NETWORK L.L.C.,** | ) | |
| | ) | |
| Counterdefendant. | ) | |
| | ) | |

For more than a year now, DISH Network L.L.C. ("DISH") has sought to depose Firas

Essa[1] and sought dates on which Mr. Essa was available for his deposition as an individual and

on the 19 separate Rule 30(b)(6) topics on which all Defendants have designated him.  Yet, it

took more than seven months before Defendants first provided a date on which Mr. Essa was

available to be deposed, and he has yet to be deposed.

May 10, 2012, was the *third* date this year on which Mr. Essa's deposition had been

scheduled and noticed; it is also Mr. Essa's third scheduled deposition that Defendants

---

[1] Mr. Essa is the owner of Defendant Dish 1 Up and manages Defendants' misdial marketing
scheme.  *See* Memorandum in Support of Motion for Leave to File Fourth Amended Complaint
at 4 [Doc. 259].

*unilaterally cancelled*, even though Mr. Essa was available for his deposition.  Defendants'
unilateral cancellation of Mr. Essa's May 10, 2012, scheduled deposition directly violates Local
Rule of the Northern District of Ohio 30.1(b)(1), which provides: "**Counsel for the deponent
must not cancel a deposition without stipulation of the examining counsel or order of the
Court**."  Defendants' Motion for Protective Order ("Motion"), filed four minutes before Mr.
Essa's deposition was scheduled to begin on May 10, has no legal effect or consequence, does
not excuse Defendants' dilatory conduct, and should be denied.

Defendants' **second** unilateral cancellation was Mr. Essa's April 4, 2012, deposition.  It
was cancelled only after DISH's counsel had incurred significant time and expense preparing for
Mr. Essa's deposition for a second time and had flown across the country and arrived in
Cleveland where Mr. Essa resides.  Defendants unilaterally canceled Mr. Essa's **first** scheduled
deposition on March 2, 2012, simply because Mr. Essa "chose" not to attend.

Through these dilatory and stonewalling tactics, which are the earmarks of Defendants'
conduct throughout this case, Defendants have successfully evaded Mr. Essa's deposition for
more than a year.  Enough is enough – each time Defendants have unilaterally cancelled Mr.
Essa's deposition, DISH has incurred significant time and money preparing for Mr. Essa's
deposition and have yet to depose Mr. Essa.

Moreover and importantly, Defendants have allowed only two of their employees,
Nathan Traish and Alisha Pickering, to be deposed on certain Rule 30(b)(6) topics and in their
individual capacity.  Neither Mr. Traish nor Ms. Pickering was prepared to testify on the

designated topics, however.[2]  In stark contrast, a total of 13 existing and former DISH employees have been deposed on 37 separate Rule 30(b)(6) topics in each witness's individual capacity for a total of 14 days of testimony.

Defendants' Motion should be denied:  Defendants have failed to meet their burden of demonstrating good cause for a protective order as they have not identified (and cannot identify) a clearly defined and serious injury to which Mr. Essa would have been subjected if he had appeared on May 10, 2012, for his scheduled deposition.  Instead, Defendants should be sanctioned for their repeated refusal to present Mr. Essa for his deposition and for causing Plaintiff's counsel to incur unnecessary fees and costs traveling to and repeatedly preparing for Mr. Essa's deposition and Defendants' Rule 30(b)(6) deposition.  As further discussed herein, appropriate sanctions for Defendants' pattern of egregious conduct include excluding Mr. Essa as a witness, granting an adverse inference jury instruction, and awarding fees and costs to Plaintiff DISH pursuant to Fed. R. Civ. P. 37(d).

## I.     RELEVANT FACTUAL BACKGROUND.

### A.     DISH's Attempts To Depose Mr. Essa Began More Than A Year Ago.

#### 1.     Mr. Essa was deposed in 2008 but asserted the Fifth Amendment and did not respond to any substantive questions.

Mr. Essa is Defendant Dish 1 Up Satellites, Inc.'s principal and manages Defendants' business.  *See* Memorandum in Support of Motion for Leave to File Fourth Amended Complaint at 4 [Doc. 259].  All three Defendants have designated Mr. Essa as their corporate representative

---

[2] For example, the topics on which Ms. Pickering was not prepared to testify include: (1) Commissions or other revenue received from DIRECTV since August 2007 (Topic 5); (2) Any contention by Dish 1 Up that revenue received from DIRECTV cannot be allocated over or among any telephone numbers used by Dish 1 Up (Topic 6); (3) Annual gross profits earned or generated by Dish 1 Up since August 2007 (Topic 7); and (4) Annual advertising expenses by Dish 1 Up or any of the Defendants since August 2007 (Topic 8).  Michael Jess, a former Dish 1 Up employee, was also deposed for just over 2 hours on December 16, 2011.

on 19 separate topics.  **Exhibit A** May 22, 2012 Declaration of Cynthia Ricketts ("Ricketts Dec.") ¶ 3.

Following this Court's October 10, 2008, order expediting discovery and ordering Mr. Essa's deposition to allow DISH an opportunity to identify the proper parties to this litigation, DISH attempted to depose Mr. Essa on November 20, 2008.  10/10/08 Minutes of Case Management Conference [Text Only Entry]; **Exhibit B**, Firas Essa Depo. Trn.  Although Mr. Essa then appeared for his deposition, Mr. Essa pleaded the Fifth Amendment, refused to answer any substantive questions, and refused to shed any light on the entities and individuals involved in Defendants' misdial marketing scheme that would have allowed DISH to knowledgeably amend the complaint.[3]  **Exhibit B**, Firas Essa Depo. Trn., 6:22-7:8, 56:23-58:18.

> **2.**      **DISH attempts to obtain a deposition date for Mr. Essa after Mr. Essa resolved his criminal proceedings.**

Beginning in at least April 2011, DISH's counsel began requesting dates on which Mr. Essa was available to be deposed.  Ricketts Dec. ¶ 4.  However, it took over seven months before Defendants provided a date on which Mr. Essa was available.  *Id.* ¶ 5.  Finally, after considerable email correspondence through the first quarter of 2012, Defendants agreed to make Mr. Essa available for his deposition on March 2, 2012.  *See id.* ¶ 6.

DISH's counsel spent many hours preparing for that deposition only to learn on February 13, 2012, that Mr. Essa may choose not to attend his March 2 deposition: "He [Mr. Essa] has an emergency can do it [sic], but may **choose** not to." *Id.* ¶ 7.  When DISH's counsel pressed and

---

[3]Mr. Essa's assertion of his Fifth Amendment right was in connection with the criminal proceedings then pending against him for his involvement in assisting his brother, Yazeed Essa, to flee the United States after Yazeed murdered his wife.  **Exhibit B**, Firas Essa Depo. Trn., 6:24-9:7.  Mr. Essa pled guilty to "tampering with records" for improper valuations submitted to the Cuyahoga County Probate Court regarding *the same Defendants and telephone numbers at issue here.  See* **Exhibit C**, Case Summary (DISH06309-10), Bill of Indictment (DISH06342-43), Indictment (DISH06344), Journal Entry, Entry of Guilty Plea (DISH06358).

informed Defendants that Mr. Essa's deposition must proceed as scheduled (because DISH's counsel had arranged their schedules to accommodate Mr. Essa's availability and had been attempting to depose Mr. Essa for an extended period of time), Defendants' counsel, Mr. Glickman, simply stated, "I know you told Carole [Handler] that, but it simply isn't possible. Given today's ruling,[4] I don't see the problem." *Id.* ¶ 8.  The problem, of course, is that the parties had agreed upon the date after considerable discussion and DISH's counsel had already begun to prepare in earnest for the deposition when Defendants unilaterally cancelled it—even though they had twice previously represented that Mr. Essa "can do it" on the March 2, 2012, scheduled date.  *Id.* ¶ 9.

After considerably more wrangling, the parties then rescheduled Mr. Essa's deposition for April 4, 2012, in Cleveland.  *Id.* ¶ 10.  DISH's counsel again spent many hours "ramping-up" for this deposition and traveled across the country from Phoenix to Cleveland at great expense. *Id.* ¶ 11.  However, on April 2, **after** DISH's counsel had traveled to and arrived in Cleveland, Defendants' counsel advised that Mr. Essa's deposition would not proceed as scheduled because one of Defendants' attorneys, Ms. Handler, was ill.[5]  *Id.* ¶¶ 12-14.  Notably, Mr. Glickman was available in Cleveland to defend the deposition but refused to proceed with it.  *See id.* ¶ 15.

Faced again with obtaining yet another date for Mr. Essa's deposition, the parties finally agreed upon May 10, 2012—but agreed that the deposition would occur in Phoenix, Arizona, so

---

[4] On February 15, 2012, the Court vacated the scheduling order.  02/15/12 Order [Doc. 252].
[5] DISH's counsel later learned that Ms. Handler was scheduled to travel to Cleveland on April 1, 2012, but did not do so because of her illness.  Despite this fact, Defendants waited until the next day, April 2, 2012, and after DISH's counsel had traveled to and arrived in Cleveland to advise DISH's counsel that Ms. Handler was ill and the deposition would not proceed.  Ricketts Dec. ¶ 13.  This is the second time Defendants' Rule 30(b)(6) depositions were postponed because of an illness by Ms. Handler.  *Id.* ¶ 14 n.1.  In October 2010, Defendants postponed the depositions of Ms. Pickering and Mr. Traish early in the morning on the day DISH's counsel was scheduled to travel to Cleveland for these depositions.  *Id.*

that DISH's counsel would not incur additional travel expenses.[6]  *Id*. ¶ 16.  On April 23, 2012, DISH properly noticed Mr. Essa's Rule 30(b)(6) and individual deposition for May 10, 2012, as the parties had agreed.  *See* **Exhibit D**, Amended Notice of Deposition of Firas Essa, Fourth Amended Notices of Rule 30(b)(6) Depositions.  The parties scheduled the deposition of former Dish 1 Up employee Burudi Mwonyonyi for the day before, May 9, 2012, also in Arizona. Ricketts Dec. ¶ 18.  DISH's counsel again spent considerable additional time getting up to speed and preparing yet again for Mr. Essa's deposition.  *Id*. ¶ 19.

> **B.      Mr. Essa Was Available In Phoenix On The Agreed-Upon May 10, 2012, Date But Failed To Appear For His Deposition.**

Defendants' counsel, Mr. Glickman and Ms. Handler, and Mr. Essa arrived in Arizona on May 7, 2012.  *See* May 9, 2012 Email from Glickman to Ricketts ("We arrived in AZ, as you knew, on Monday to prepare for these depositions.") Exhibit B to the Motion [Doc. 261].  On May 8, 2012, at 4:00 p.m. Arizona time, DISH filed and served its Motion for Leave to File Fourth Amended Complaint ("Motion to Amend").  Motion to Amend [Doc. 258]; 05/09/12 Glickman email to Ricketts (Ex. A and B to Motion) [Doc. 261].  As described in the Motion to Amend, DISH seeks to amend its complaint to conform the pleadings with the facts learned through discovery—there is nothing "new" in the amended complaint except five causes of action that flow from the facts learned during discovery.  Motion to Amend at 1 [Doc. 258].

The next day, May 9, 2012, Mr. Essa and Defendants' counsel attended Mr. Mwonyonyi's deposition.  **Exhibit E**, Burudi Mwonyonyi Depo. Trn. at 1.  In the afternoon, during Mr. Mwonyonyi's deposition, Defendants announced that Mr. Essa would not appear for his deposition the next day, purportedly because Mr. Essa did not have adequate opportunity to

---

[6] Mr. Essa also agreed to be deposed in Arizona because he was planning to be there to shut down Dish 1 Up's Tempe, Arizona, call center during the week of May 7, 2012.  Ricketts Dec. ¶ 17.

prepare for the "new" issues raised in DISH's proposed Fourth Amended Complaint.  *Id.,* 160:14-161:22.  Defendants made this proclamation despite the fact that Mr. Essa was in Arizona, sat in the Mwonyonyi deposition in the room in which Mr. Essa was to be deposed the very next day, had more than 24 hours between the time the Motion to Amend was filed and served and his scheduled deposition, and Defendants have multiple lawyers working on the case in addition to Mr. Glickman and Ms. Handler.  *See* Motions for Admission *Pro Hac Vice* for Carole Handler, Jeffrey H. Grant, Amber D. Henry, Randy R. Merritt, and Brianna E. Dahlberg [Doc. 25, 31, 120, 121, 248, and 253].

Although DISH did not agree to reschedule Mr. Essa's deposition, DISH offered not to pursue any questioning on any claims or topics that were "newly" added in the proposed amended complaint.  **Exhibit E**, Burudi Mwonyonyi Depo. Trn., 162:19-22.  Defendants rejected this offer.  *Id.*, 163:10-21.  Oddly and reflecting Defendants' bad faith, however, this is the *very* relief Defendants now seek in their Motion.  *See* Motion at 3, 4 ("Defendants respectfully move this Court for an Order terminating the currently scheduled deposition of Mr. Essa and limiting the scope of Mr. Essa's eventual deposition to only those matters alleged in Plaintiff's Third Amended Complaint.").

DISH advised Defendants that there was no legal basis for Mr. Essa to fail to appear for his scheduled deposition in the absence of a protective order and that if Mr. Essa failed to appear, DISH would have no choice but to seek sanctions.  Ricketts Dec. ¶ 22.  DISH accordingly asked that Defendants reconsider.  *Id.*  Defendants' counsel refused, stating that DISH was free to pursue whatever motion it felt necessary to pursue.  *Id.* ¶ 23.  The following morning, four minutes before Mr. Essa's deposition was set to begin, Defendants filed their baseless Motion.

## II.    LEGAL ANALYSIS.

### A.    Defendants' Motion Should Be Denied: Defendants Have Not Met Their Burden Of Showing Good Cause.

To obtain a protective order under Fed. R. Civ. P. 26(c), Defendants must show good cause and demonstrate that the order is needed to "protect a party or [witness] from annoyance, embarrassment, oppression, or undue burden or expense."  Defendants have the burden of establishing good cause, and "[t]o show good cause, a movant .... must articulate specific facts showing 'clearly defined and serious injury' resulting from the discovery sought ..." *Nix v. Sword*, 11 Fed. Appx. 498, 500 (6th Cir. 2001) (internal citations omitted).  Defendants have failed to demonstrate any cause, much less "good" cause, for the protective order they seek.

### 1.    Defendants violated Local Rule 30.1(b)(1) when Mr. Essa failed to appear on May 10, 2012, for his scheduled deposition.

The Local Rules of the Northern District of Ohio could not be more clear: "**Counsel for the deponent must not cancel a deposition without stipulation of the examining counsel or order of the Court.**"  LRCiv. 30.1(b)(1) (emphasis added).  Indeed, in the absence of a protective order, there is no legal basis or cause for Mr. Essa's failure to appear for his (and Defendants') scheduled deposition.  *U.S. ex rel. Fry v. Health Alliance of Greater Cincinnati*, No. 1:03-CV-167, 2009 WL 5227661, *2 (S.D. Ohio Nov. 20, 2009) ("It 'is not proper practice [ ] to refuse to comply with the [Rule 30(b)(6) notice, put the burden on the party noticing the deposition to file a motion to compel, and then seek to justify non-compliance in opposition to the motion to compel.'") (*quoting New Eng. Carpenters Health Benefits Fund v. First Databank, Inc.*, 242 F.R.D. 164, 166 (D. Mass. 2007)).

As discussed above, May 10, 2012, was the third date on which the parties agreed Mr. Essa would be deposed in both his individual capacity and as Defendants' Rule 30(b)(6)

designee.  Ricketts Dec. ¶ 16.  DISH did not stipulate to again reschedule Mr. Essa's May 10,

2012, deposition.  *Id.*; *see also* Defendants' Motion.  Instead, Defendants flagrantly violated

LRCiv. 30.1(b)(1) when Mr. Essa failed to appear for his May 10, 2012, deposition.

> **2.** **DISH's filing of its Motion To Amend did not present a "clearly defined and serious injury"; DISH is entitled to inquire into matters outside the Third Amended Complaint.**

The case law from this District supports the notion that testifying in a deposition pending

a motion to amend a complaint that asserts new causes of action is not a "clearly defined and

serious injury" warranting a protective order.  *See Ferguson v. Horne*, No. 5:09-CV-02055, 2010

WL 819127 (N.D. Ohio Mar. 09, 2010) (Hon. Mag. Pearson).  This is because, in part, a

deposing party is not limited in its questioning to issues raised in the pleadings.  *Id*.

In *Ferguson*, a defendant moved for a protective order to prevent questions at his

deposition regarding his gun ownership and domestic violence issues.  The defendant's primary

argument was that testimony on those topics would not be relevant or admissible and were

intended to embarrass and harass him.  *Id.* at *3.  The court denied the motion, noting that the

information sought could in fact be relevant and, moreover, that "[d]iscovery is not limited to

that which is immediately discoverable **nor to issues raised in the pleadings**."  *Id.* at *2

(emphasis added).  The court's holding in *Ferguson* is consistent with other Districts, which,

although not authoritative, are illustrative of the accepted principle that a pending Motion to

Amend does not stay discovery.  *See also Sanders v. City of Fresno*, No. 1:05CV00469 AWI

SMS, 2007 WL 2345001 (E.D. Cal. Aug. 16, 2007) (Court refused to stay discovery pending a

motion to amend and sanctioned the plaintiff for its failure to attend a deposition).

Moreover, DISH is not limited to inquiring into the claims in the Third Amended

Complaint when deposing Mr. Essa.  *Ferguson*, 2010 WL 819127 *3.  Indeed, DISH may

question Mr. Essa about facts surrounding the new causes of action set forth in DISH's proposed Fourth Amended Complaint **even if DISH never moved to amend**. *Id*. It is axiomatic that DISH is entitled to inquire about existing discovery at Mr. Essa's deposition.[7] It accordingly follows that a pending Motion to Amend to add additional claims to a Complaint, based upon discovery already conducted, is not a basis for postponing or limiting a deposition.[8]

There was no basis for Mr. Essa (and Defendants) to fail to appear or attempt to limit Mr. Essa's deposition. Defendants have not shown that Mr. Essa has suffered a "clearly defined and serious injury" sufficient to excuse him from appearing for his deposition.

### 3. Defendants' last minute Motion did not excuse Mr. Essa's failure to appear for his deposition.

As noted above, the Local Rules make clear that it is not enough to assert a prejudice or file a motion for protective order to avoid a deposition, one must first obtain an **order of the Court prior to the scheduled deposition**. LRCiv. 30.1(b)(1). In the absence of such an order (or stipulation), there is no excuse not to appear for a scheduled deposition. LRCiv. 30.1(b)(1). Defendants did not obtain any order from this Court allowing them to cancel, postpone, adjourn, or limit Mr. Essa's deposition. Nor did they obtain DISH's counsel's agreement to do so.

---

[7] As explained in DISH's Motion to Amend, DISH seeks to amend the Third Amended Complaint to add claims that are based on facts learned during discovery to date. Motion to Amend at 1 [Doc. 258].

[8] Defendants argue that a protective order is needed because of an alleged agreement among counsel that DISH would not further amend its complaint. Motion at 4 [Doc. 261]. Any such agreement is irrelevant to Mr. Essa's non-appearance for his deposition as discussed herein; but, in any case, this assertion is not supported. December 18, 2008, was the only status conference with the Court during the relevant timeframe. DISH was represented at the status conference by Joseph Boyle and Raymond Rundelli (both counsel for DISH). Neither Mr. Boyle nor Mr. Rundelli recall any discussion of DISH agreeing to refrain from further requests to amend for the entire course of the proceeding. Ricketts Dec. ¶ 25 Nor is there any Order or written stipulation that exists or to which Defendants have pointed.

Instead, four minutes before the scheduled start time of Mr. Essa's deposition, Defendants filed their Motion. This last-minute "CYA" motion did not relieve Mr. Essa or Defendants of their obligation to attend the deposition.

For example, in *In re Johnson*, 408 B.R. 127 (Bkrtcy. S.D. Ohio 2009), the defendant sought to limit the scope of a deposition a few hours before it was scheduled to start and when the deposing party refused, the defendant refused to attend. *Id.* at 128. The defendant then filed a motion for a protective order about an hour and a half after the deposition's scheduled start time. *Id.* The Court found that the last minute motion did not relieve the defendant of the duty to appear at her deposition, stating that "even if [the defendant] had filed the Motion for Protective Order **before the scheduled deposition start time, this would not have eliminated her obligation to attend.**" *Id.* at 130. The court then sanctioned the defendant with monetary fines pursuant to Fed. R. Civ. P. 37(d).

As in *Johnson*, Defendants' last-minute Motion did not relieve Mr. Essa or Defendants of their obligation to appear at Mr. Essa's previously-scheduled deposition. *Id.*; LRCiv. 30.1(b)(1). Rather, Defendants and Mr. Essa were obliged to attend the deposition and their failure to do so is sanctionable. *Johnson*, 408 B.R. at 130; Fed. R. Civ. P. 37(d)(1)(A)(i), (2), (3).

**B.      Defendants Seek The Very Same Limitation On Mr. Essa's Deposition That DISH Offered But Defendants Rejected; Mr. Essa's Failure To Appear For His Deposition Was Patently In Bad Faith.**

The only relief Defendants seek in their belated Motion is to limit Mr. Essa's deposition to those matters in DISH's Third Amended Complaint. Motion at 3 ("Defendants respectfully move this Court for an Order terminating the currently scheduled deposition of Mr. Essa and limiting the scope of Mr. Essa's eventual deposition to only those matters alleged in Plaintiff's Third Amended Complaint."). This, however, is the *very* limitation that DISH voluntarily offered when Defendants announced that Mr. Essa would not appear for his deposition because

11

DISH had filed its Motion to Amend. **Exhibit E**, Burudi Mwonyonyi Depo. Trn., 160:14-161:22, 162:19-22.

Defendants rejected this offered limitation and instead refused to appear for Mr. Essa's deposition. *Id.* at 163:10-21; *see also* Ricketts Dec. ¶ 21. Mr. Essa's nonappearance in the face of this offer was in bad faith – particularly when the only relief that Defendants seek in their Motion is the **very limitation that DISH had offered**. **Exhibit E**, Burudi Mwonyonyi Depo. Trn., 162:19-22; *see* Motion at 3. Defendants are not entitled to this limitation from this Court as the law entitles DISH to inquire into matters outside those matters raised in the Third Amended Complaint. *Ferguson*, 2010 WL 819127 *2. Moreover, Defendants waived this limitation when they rejected DISH's offer.

### C.    Defendants Should Be Sanctioned For Mr. Essa's Non-Appearance At His May 10, 2012, Deposition.

#### 1.    The Court is authorized to sanction Defendants for their egregious conduct.

Fed. R. Civ. P. 37(d) empowers the Court to enter a sanctions order when "a party or a party's officer, director, or managing agent—or a person designated under Rule 30(b)(6) [ ]—fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(A)(i). Fed. R. Civ. P. 37(d)(3) empowers the Court with a broad spectrum of sanctions. Fed. R. Civ. P. 37(d)(3). Pursuant to Fed. R. Civ. P. 37(d)(3), the spectrum of sanctions include:

i. directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

ii. prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

iii. striking pleadings in whole or in part;

iv. staying further proceedings until the order is obeyed;

v. dismissing the action or proceeding in whole or in part;

vi. rendering a default judgment against the disobedient party[.]

An adverse inference is an appropriate remedy when evidence is unavailable to the party

seeking it because of some conduct (or failure to act) by the party holding the evidence. *See Beaven v. U.S. Dept. of Justice*, 622 F.3d 540 (6th Cir. 2010) ("[A] a party seeking an adverse inference instruction based on the destruction of evidence must establish (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed "with a culpable state of mind"; and (3) that the destroyed evidence was "relevant" to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.").

Moreover, "[i]nstead of or in addition to [any sanctions under 37(b)(2)(A)], the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorneys' fees, caused by that failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(1); *Jurczenko v. Fast Prop. Solutions, Inc.*, No. 1:09CV1127, 2010 WL 2891584 (N.D. Ohio Jul. 20, 2010) (awarding fees and costs where a party deponent did not appear for his deposition and the failure was not justified). Thus, an award of reasonable expenses and attorneys' fees are mandatory when a party fails to appear in violation of Rule 37(b)(2)(A).

> ### 2. Defendants' sanction should include excluding Mr. Essa as a witness, an adverse inference instruction to the jury, and an award of fees and costs to DISH.

After a protracted history of attempts to schedule and take Mr. Essa's deposition and to conclude of Defendants' Rule 30(b)(6) deposition (*i.e.*, the 19 topics on which Defendants designated Mr. Essa), Defendants unilaterally cancelled the third agreed-upon deposition date for Mr. Essa's deposition, May 10, 2012. *Supra* at 3-6. For each scheduled deposition date, which Defendants later unilaterally cancelled, DISH's counsel prepared and, in at least one instance, traveled from Phoenix to Cleveland for the deposition, only to learn upon arrival that the deposition would not proceed. *Supra* at 5-6.

This repeated unilateral cancellation of Mr. Essa's deposition has caused DISH to unnecessarily incur great expense and has wasted resources.  Defendants' pattern of unilaterally cancelling Mr. Essa's deposition (after the protracted delay of even providing dates on which Mr. Essa was available to be deposed) is gamesmanship at its worst and has impeded DISH's pursuit of its claims.  Defendants' refusal to produce Mr. Essa at his scheduled deposition was willful and in direct contravention of LRCiv. 30.1(b)(1).

In these circumstances, a severe sanction is not only permissible, but is both necessary and appropriate.  *See Woodson v. Morris*, No. 94-6608, 1995 WL 692543 *1 (6th Cir. Nov. 17, 1995) (Court upheld a District Court order dismissing plaintiff's case as a sanction for refusing to attend his deposition, holding, "[a]lthough [Plaintiff] had adequate advance notice of the date of the deposition, he still refused to participate in the deposition. In light of this willful refusal to attend the deposition, the district court properly sanctioned Woodson by dismissing his case."); *Alsup v. Int'l Union of Bricklayers and Allied Craftsmen of Toledo, Ohio, Local Union No. 3*, 679 F. Supp. 716, 721, 725-26 (N.D. Ohio) (dismissing plaintiff's claims who failed to attend their properly noticed depositions, noting that it was authorized to dismiss a plaintiff's claim for failure to attend his deposition even "without first issuing an order to compel discovery.").

Indeed, here the exclusion of Mr. Essa as a witness for Defendants and an adverse inference jury instruction regarding his absence and failure to testify are warranted.  *See* Fed. R. Civ. P. 37(b)(2)(A).  Defendants have withheld evidence, and/or have intentionally prevented DISH from obtaining evidence, through the repeated unilateral cancellation and delayed scheduling of Mr. Essa's scheduled deposition.[9]  The exclusion of Mr. Essa as a witness for

---

[9] As set forth in DISH's Opposition to Defendants' Request for Continuance, at p. 4 & Exhibit B p. 7 [Doc. 249], and Plaintiffs' Motion to Extend February 15, 2012 Expert Disclosure Deadline, at p. 2 [Doc. 251]**,** the completion of Defendants' Rule 30(b)(6) deposition on those topics on which Mr. Essa has been designated is necessary for DISH to complete its expert reports.

Defendants and an adverse jury instruction is a far less severe sanction than granting default judgment or dismissing claims—an entirely permissible sanction in circumstances such as these. Fed. R. Civ. P. 37(d)(3); *Woodson*, 1995 WL 692543 *1; *Alsup,* 679 F. Supp. at 721, 725-26.

DISH is also entitled to an award of its fees and costs incurred in connection with Defendants' repeated unilateral cancellation of Mr. Essa's deposition.  Each cancellation of Mr. Essa's deposition has caused DISH to incur significant attorneys' fees to "ramp-up" and prepare for his deposition and to incur travel-related expenses traveling to Mr. Essa's deposition, as well as to prepare this opposition to Defendants' Motion and request for sanctions.  Ricketts Dec. ¶¶ 11, 19.  As described above, Defendants were wholly unjustified in failing to present Mr. Essa for his May 10, 2012, deposition.  DISH thus requests an award of its attorneys' fees and costs incurred to attend and prepare for Mr. Essa's deposition on three separate occasions—as DISH will now be required to prepare yet a fourth time for Mr. Essa's deposition.

## III.    CONCLUSION.

For the foregoing reasons, Defendants had no legal authority, nor cause, for Mr. Essa to fail to appear at his May 10, 2012, deposition and in fact violated local rules in failing to appear. DISH thus requests sanctions in the form of an adverse inference, exclusion of Mr. Essa as a witness, and an award to DISH of fees and costs associated with Mr. Essa's multiple scheduled – and unilaterally cancelled – depositions.  DISH also requests that Defendants be ordered to produce a witness (other than Mr. Essa) for deposition on a mutually convenient date in June 2012 in Phoenix, Arizona on the 19 Rule 30(b)(6) topics on which Mr. Essa was previously designated.  Finally, for these reasons, DISH respectfully requests that the Court deny Defendants' Motion for Protective Order.

**DATED:**       May 23, 2012                    Respectfully submitted,


**CALFEE, HALTER & GRISWOLD LLP**       **DLA PIPER LLP (US)**

Raymond Rundelli (0030778)              */s/ Aaron T. Goodman*
rrundelli@calfee.com
Jennifer B. Wick (0074340)              Cynthia A. Ricketts (*pro hac vice*)
jwick@calfee.com                        cindy.ricketts@dlapiper.com
The CalfeeBuilding                      Aaron T. Goodman (*pro hac vice*)
1405 East Sixth Street                  aaron.goodman@dlapiper.com
Cleveland, Ohio  44114-1607             2525 E. Camelback Rd, Suite 1000
Phone:  (216) 622-8200                  Phoenix, AZ 85016
Fax:  (216) 241-0816                    Telephone:  (480) 606-5100
                                        Facsimile:  (480) 606-5101


**ATTORNEYS FOR PLAINTIFF**             **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2012, a copy of the Opposition To Defendants' Motion For Protective Order And Plaintiff's Motion For Sanctions was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's system.

/s/ Aaron Goodman

*One of the Attorneys for Plaintiff*