IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **DISH NETWORK L.L.C.**, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:08-CV-1540 |
| v. | ) |
| | ) Hon. Christopher A. Boyko |
| **FUN DISH, INC., FUN DISH OF FLORIDA, INC., AND DISH 1 UP SATELLITE, INC.**, | ) |
| | ) Magistrate Judge McHargh |
| | ) |
| Defendants. | ) |
| | ) **PLAINTIFF'S OPPOSITION TO** |
| | ) **DEFENDANTS' MOTION FOR** |
| **FUN DISH, INC., FUN DISH OF FLORIDA, INC., AND DISH 1 UP SATELLITE, INC.**, | ) **SANCTIONS PURSUANT TO LOCAL** |
| | ) **RULE 7.1** |
| | ) |
| Counterclaimants, | ) |
| v. | ) |
| | ) |
| **DISH NETWORK L.L.C.**, | ) |
| | ) |
| Counterdefendant. | ) |
| | ) |

    Defendants apparently ascribe to the old adage that "a good offense is the best defense." Defendants' Motion for Sanctions Pursuant to Local Rule 7.1 (the "Motion") is Defendants' latest misguided attempt to concoct a "good" offense by fabricating irrelevant events to divert and distract this Court's attention from their own sanctionable (and unlawful) conduct. *See generally* DISH's Motion for Leave to File Fourth Amended Complaint and Memorandum in Support thereof (the "Motion for Leave") [Docs. No. 258-59]; DISH's Reply in Support of Motion for Leave (the "Reply") [Doc. No. 269]; DISH's Motion for Sanctions ("DISH's Sanctions Motion") [Doc. No. 262]. Defendants' effort to fabricate an offense fails as there is no merit to Defendants' Motion.

Defendants' Motion is a blatant effort to distract and divert the Court from their own sanctionable conduct and should not be condoned or tolerated. *See* DISH's Sanctions Motion [Doc. No. 262]. Unlike Defendants' Motion, DISH's Sanctions Motion is well-founded and Defendants have no defense for their own sanctionable conduct: the unilateral cancellation of Firas Essa's deposition for a third time. *See id.* Because there is no defense to DISH's Sanctions Motion, Defendants resort to their typical smoke and mirrors tactics, which at this stage in the litigation are both tiresome and transparent.[1] Indeed, Defendants' Motion is so utterly lacking in merit that no substantive response is necessary. Accordingly, DISH files this abbreviated Opposition solely to preserve its objection to Defendants' baseless Motion.

Defendants' primary basis for seeking sanctions is their contention that DISH's Motion for Leave is "frivolous" because of a purported oral agreement that DISH's prior counsel, Joseph Boyle, made sometime in 2008 that DISH would never seek to amend its complaint in the future if it was allowed to file its Third Amended Complaint. *See generally* Motion [Doc. No. 274]. The exact details of this purported oral agreement – including the date on which the agreement was purportedly made and the alleged terms of this oral agreement – are unknown (or not disclosed), however. *See id.*

In Mr. Glickman's June 13, 2012 Supplemental Declaration (the "Glickman June Decl.") filed in support of the Motion, Mr. Glickman states for the first time ". . . I specifically remember that **the Court stated** to Mr. Boyle that if DNW [DISH] were permitted to amend their complaint there would be no further amendments and that Mr. Boyle agreed." Glickman June Decl. [Doc. No. 275], ¶ 4 (emphasis added). Notably absent from the Glickman June Decl. (and

---

[1] Defendants' Motion is also a blatantly improper attempt to file a sur-reply to DISH's Reply [Doc. No. 269] and further oppose DISH's Motion for Leave [Docs. No. 258-59]. *See generally* Motion [Doc. No. 274]. Defendants' Motion should be denied for this additional reason.

Mr. Glickman's May 24, 2012 Declaration [Doc. No. 264] (the "Glickman May Decl.")) is the date of this purported oral agreement. *See* Glickman June Decl. [Doc. No. 275]; Glickman May Decl. [Doc. No. 264].

The Glickman June Decl. also is inconsistent with the Glickman May Decl. For example, in Paragraph 25 of the Glickman May Decl., Mr. Glickman states that the purported agreement was made between counsel – and not with or to the Court as Mr. Glickman states in the Glickman June Decl.. Specifically, in Paragraph 25 of the Glickman May Decl., Mr. Glickman states:

> 25. Therefore, on December 29, 2008, Defendants filed Objections to Plaintiff's Notice of Intent to File Third Amended Complaint (Dkt. No. 73) expressing its concerns with Plaintiff's continued amendments. However, during this time, **defense counsel also conferred with counsel** for Plaintiff and I specifically agreed not to object to the filing of the Third Amended Complaint on the condition that Plaintiff agree that said filing would be its **final amendment to the pleadings. *To the best of my recollection, Mr. Boyle agreed to this condition*.** Based on this representation and understanding, Defendants made no further objection to the proposed amendment.

Glickman May Decl. [Doc. No. 264], ¶ 25 (emphasis in the original and added). In fact, no such agreement could have been made before the Court on or about December 29, 2008 or "during this time" as referenced in the Glickman May Decl. The only hearing before the Court "during this time" was the December 18, 2008 Status Conference, which was *before* DISH filed its Motion for Leave to File its Third Amended Complaint. *See* 06/04/12 Declaration of Joseph Boyle In Support of Plaintiff's Reply In Support Of Motion For Leave To File Fourth Amended Complaint [Doc No. 269-1] ("Boyle Decl."), ¶ 29; Court Docket. The Court's minute entry following that December 18, 2008 Status Conference confirms this fact as it does not mention or even reference any such purported agreement. *See* 12/19/08 Order [Doc. No. 70].

Moreover, Mr. Boyle emphatically denies that any such agreement was ever made. *See* Boyle Decl. [Doc No. 269-1], ¶ 38 ("I never agreed on DISH's behalf that DISH would never

3

seek to further amend its pleadings when DISH filed its SAC on November 7, 2008 [Doc. 43], its Motion for Leave to File Third Amended Complaint on December 31, 2009 [Doc. 74], or at any other time."). Although Defendants claim in their Motion that the Boyle Decl. is false, Defendants have provided no evidence of any such purported agreement to support their contention that the Boyle Decl. is false. *See generally* Motion. Instead, Defendants' sole evidence is Mr. Glickman's averment that "**to the best of my recollection**," Mr. Boyle agreed that the Third Amended Complaint would be DISH's "final amendment to the pleadings." Glickman May Decl. [Doc. No. 264], ¶ 25 (emphasis added). If this purported agreement existed and was as crucial as Defendants now claim, it defies logic that such an agreement was not memorialized in or referenced in any writing.

Even if such an agreement was made early in the case, it does not preclude DISH from now seeking leave to file its Fourth Amended Complaint. Pursuant to Fed. R. Civ. P. 15, the Court is *always* free – even during trial – to grant leave to amend the pleadings to conform to the evidence, which is precisely what DISH seeks to do. *See generally* Motion for Leave [Docs. No. 258-59]; Reply [Doc. No. 269].

Finally, even if the Court denies DISH's pending Motion for Leave [Docs. No. 258-59], there is no basis to sanction DISH or its counsel and there certainly is no basis to grant the extreme sanction of revoking DISH's current counsel's *pro hac vice* admission to this Court as Defendants request. *See* Motion [Doc. No. 274], p. 2. DISH's current counsel did not become involved in this case until October 2009 (nearly a year *after* the purported oral agreement) and has reasonably relied upon Mr. Boyle's representations that DISH did not previously agree that the Third Amended Complaint would be the final amendment to the pleadings. *See* Boyle Decl. [Doc No. 269-1], ¶ 38. Moreover, Defendants' factual contentions in its Motion [Doc. No. 274]

4

have been addressed – and refuted – in DISH's Reply [Doc. No. 269]. Accordingly, DISH will not rehash these facts here but incorporates herein its Reply [Doc. No. 269].

The case law upon which Defendants rely to support their request that Defendants' current counsel's *pro hac vice* admissions be revoked do not support the imposition of any sanctions – much less the entry of this extreme requested sanction. Motion [Doc. No. 274], p. 2.[2] Entry of this extreme sanction would severely prejudice DISH, as Defendants well know: current counsel has been involved in this case for nearly three years during which time the majority of the discovery in the case was conducted. Mr. Boyle was only lead counsel in the case for approximately one year. There is no basis that remotely suggests that revocation of DISH's current counsel's *pro hac vice* admissions is warranted much less is necessary or that there is any case law supporting such an extreme sanction in circumstances such as these.

For all of these reasons and those set forth in DISH's Motion for Leave [Doc. No. 258-59] and Reply [Doc. No. 269], DISH asks that Defendants' Motion be summarily denied.

---

[2]The sole case on which Defendants rely to support their request for revocation of DISH's current counsel's *pro hac vice* admissions is *D.H. Overmyer Co. v. First Nat'l Bank of Boston*, 750 F.2d 31, 33 (6th Cir. 1984). Motion, p. 9. *Overmyer* is inapposite and does not support the revocation of DISH's counsel's *pro hac vice* admissions. In *Overmyer*, the Court revoked counsel's *pro hac vice* admission because it found that the attorney involved had committed numerous violations of the Ohio Code of Professional Responsibility by failing to disclose his conflicts of interest to the bankruptcy court. DISH's counsel has not violated any ethical rule, much less committed numerous violations of any ethical rule. Indeed, Defendants do not claim that any ethical rule has been violated. *See generally* Motion. Instead Defendants cite only to L.R. 7.1. On its face, L.R. 7.1 is not an ethical rule and expressly limits the available sanctions for a "frivolous" filing to "the assessment of costs and attorneys' fees against counsel and/or the party involved." L.R. 7.1. Even an assessment of costs and fees are unavailable here as Defendants have not shown that the Motion for Leave is frivolous. In fact, the evidence establishes the contrary. *See* Motion for Leave [Docs. No. 258-59] and Reply [Doc No. 269].

**DATED:** July 2, 2012        Respectfully submitted,

| | |
|---|---|
| **CALFEE, HALTER & GRISWOLD LLP** | **DLA PIPER LLP (US)** |
| Raymond Rundelli (0030778) | /s/ *Cynthia A. Ricketts* |
| rrundelli@calfee.com | |
| Jennifer B. Wick (0074340) | Cynthia A. Ricketts (*pro hac vice*) |
| jwick@calfee.com | cindy.ricketts@dlapiper.com |
| The Calfee Building | Aaron T. Goodman (*pro hac vice*) |
| 1405 East Sixth Street | aaron.goodman@dlapiper.com |
| Cleveland, Ohio 44114-1607 | 2525 E. Camelback Rd, Suite 1000 |
| Phone: (216) 622-8200 | Phoenix, AZ 85016 |
| Fax: (216) 241-0816 | Telephone: (480) 606-5100 |
| | Facsimile: (480) 606-5101 |
| **ATTORNEYS FOR PLAINTIFF** | **ATTORNEYS FOR PLAINTIFF** |

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 2, 2012, a copy of the Plaintiff's Opposition To Defendants' Motion For Sanctions Pursuant To Local Rule 7.1 was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's system.

          /s/ Cynthia A. Ricketts

*One of the Attorneys for Plaintiff*