UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DISH NETWORK, LLC** | ) | **CASE NO.1:08CV1540** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **FUN DISH, INC. ET AL.,** | ) | **ORDER** |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Plaintiff Dish Network's Motion to Strike, In Part, the Expert Report of Jeffrey Stec (ECF # 328). For the following reasons, the Court grants Plaintiff's Motion.

Plaintiff Dish Network argues that the deadline to disclose primary experts and reports was February 17, 2014. At that time, Defendants disclosed one expert, James T. Berger. Rebuttal expert reports were due March 13, 2014. Dish chose not to offer a rebuttal expert to Berger. However, Defendant proffered the alleged rebuttal expert report of Jeffrey Stec on March 12, 2014. That Report was based on a survey done in 2011. Defendants offered the Stec Report and survey in rebuttal to Plaintiff's primary trademark expert report and a survey disclosed by Dish. According to Dish, Stec's report, insofar as it is based on the 2011 survey,

must be stricken as not a rebuttal expert but a primary expert report that was untimely filed.

This dispute regards the strategy Defendants employed. By not disclosing Stec or the 2011 survey as a primary expert, Plaintiff contends Defendants gained a tactical advantage by withholding Stec until Plaintiff disclosed its trademark expert. According to Plaintiff, Stec's report is duplicative of Berger's and, due to the procedural issues, is materially prejudicial to Plaintiff.

## Factual Background

The facts surrounding this issue are largely not in dispute. In its Order of November 27, 2013, the Court set the date of February 17, 2014, for expert reports and March 13, 2014 for rebuttal reports. Due to a holiday, the date for expert reports was extended to February 18, 2014. Dish disclosed two experts, Vince Thomas, a damages expert, and Phil Johnson, a trademark expert. Defendants disclosed Berger as their sole expert on trademarks. Berger's report opines on the genericness of Plaintiff's "DISH" trademark. Berger's report relies, in part, on a survey he conducted for DISH.

Having reviewed Berger's report, DISH decided not to counter it with a rebuttal report. However, Defendants offered two rebuttal experts, one of whom was Stec. While Plaintiff does not object to Stec offering rebuttal opinions on Plaintiff's expert, Phil Johnson, Plaintiff strongly objects to Stec's opinions on the distinctiveness of DISH's marks, based on a 2011 survey, because this is not a rebuttal of Johnson's opinions but is more properly classified as an expert opinion unrelated to Johnson's report.

According to DISH, Fed. R. Civ. P. 26(a)(2)(D)(ii) limits rebuttal evidence to that which is proffered to contradict or rebut evidence on the same subject matter identified by

another party under Rule 26(a)(2)(B) or (C). According to DISH, rebuttal experts may not testify as to results of the expert's own investigation, but rather is restricted to controverting the accuracy and reliability of the opposing party's expert.

Plaintiff contends the Stec Report addresses two separate and distinct issues. The first, which Plaintiff does not find objectionable, goes to the accuracy and reliability of Plaintiff's expert report. The second issue, which Plaintiff does find objectionable, goes directly to Defendants' counterclaim seeking to find Dish's trademark invalid. Because this testimony is in the nature of an expert opinion and not a rebuttal opinion, Plaintiff contends it must be excluded. Lastly, Plaintiff argues Stec's report is duplicative of Berger's and is therefore, unnecessary.

According to Defendants, the Stec Report was timely filed as a rebuttal report within the time frame set by the Court. In fact, there is no dispute that the Stec Report was filed prior to the rebuttal report date of March 13, 2014.

Defendants further contend the Stec Report is proper rebuttal evidence because it deals with the same subject matter as the expert report of Phillip Johnson, which was based on a 2012-2013 survey on the genericness and distinctiveness of the "DISH" trademark. Stec's use of a 2011 survey is in direct response to Johnson's survey. Even though the survey used by Stec dates back to 2011, its use is still proper since it goes to rebutting Plaintiff's expert's survey results and is not offered as evidence of a new legal theory.

Finally, Defendants allege Plaintiff cannot show prejudice because they may depose Stec and/or offer a sur-rebuttal report.

## **LAW AND ANALYSIS**

The Federal Rules of Civil Procedure govern the disclosure and nature of expert reports. Federal Rules of Civil Procedure Rule 26 (a)(2)(D)(ii) reads in pertinent part:

**(D)** *Time to Disclose Expert Testimony*. A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:

**(i)** at least 90 days before the date set for trial or for the case to be ready for trial; or

**(ii)** if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

Thus, a rebuttal expert's report must be offered "solely to contradict or rebut evidence on the same subject matter identified by another party... - i.e., an opposing party's expert, witness." *Expeditors Intern. of Washington v. Vastera, Inc.*, No. 01-71000, 2004 WL 6047123, 2 ( E.D. Mich., May 24, 2004).

Rule 37(c) (1) of the Federal Rules of Civil Procedure provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) ..., the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Thus, courts have held "[t]he sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *Salgado v. General Motors Corp.,* 325 F.3d 735, 742 (7th Cir.1998). "The burden lies with the potentially sanctioned party to prove harmlessness." *Great Northern Ins. Co. v. Brentlinger Enterprises*, No.2:11CV1153, 2014 WL 3530798, 4 -5 (S.D.Ohio, July 15, 2014) *citing Roberts ex rel. Johnson v. Galen of Virginia, Inc.,* 325 F.3d 776 (6th Cir.2003).

In order to determine whether Stec's Report is proper rebuttal testimony or is primary

expert testimony offered outside the cut-off date, the Court must first examine Plaintiff's expert Philip Johnson's report to determine the subject matter of his testimony. Then, the Court must compare it to Stec's to determine if Stec's opinion contradicts or rebuts Johnson's. If so, it is proper rebuttal testimony; if not, then Rule 37 requires exclusion.

Johnson's report contains the following description of the subject he was tasked to investigate and offer an opinion:

> Counsel asked whether I could design and conduct a survey that would determine whether or not relevant consumers who encountered the term DISH, for example, as part of a toll-free number, believe it tells them the name of a particular company (i.e. functions as a trademark) OR tells them the type of product or service (i.e. functions as a generic or descriptive term).

(Johnson Report pg 12 ¶ 6).

> In the event that consumers perceive the term DISH, used as part of a toll-free number, to designate a particular source, counsel also asked whether I could determine if there would be a likelihood of confusion with regard to who or what company is believed to be the particular source of this toll-free phone number. I agreed and proceeded to design and conduct the study. What follows is a report on the design, execution, results, and conclusions that one can draw from this research.

(Id. ¶ 7).

Johnson's report describes the methodology used in designing and conducting the survey followed by the results and Johnson's conclusions. Johnson concludes that the mark "DISH" when viewed as part of a telephone number, indicates a name of a particular company according to 71% of surveyed consumers. Johnson concludes that "the primary significance of the term "DISH" is as a brand name among consumers in the relevant marketplace" and that when used as part of a telephone number "causes consumers to believe that the company identified by that phone number is DISH Network." Johnson concludes that

5

another company's use of the term "DISH" will likely cause confusion amongst consumers.

In Stec's expert report, he describes the subjects on which he was asked to offer expert testimony:

> In the context of this litigation, I was asked to determine whether Dish Network's use of the term, "Dish," has created a distinctiveness associated with that term to stand for the goods and services that DISH Network offers. In other words, I have been asked to investigate whether the term, "Dish," has attained secondary meaning in the marketplace. To address this question, I conducted a survey asking customers and potential customers of television services that consumers pay for whether they associated the term, "Dish," with one or more than one television services provider. This report describes my research methodology for conducting the survey, my research findings, and the conclusions based on these findings.
>
> Counsel for Fun Dish asked me to review and critically evaluate Mr. Johnson's Report and the survey contained therein to determine whether the methodologies employed, as well as the data collected and conclusions drawn therefrom, provide a reliable basis to gauge whether "Dish" is thought of as a brand name among consumers and whether there is a likelihood of confusion among consumers when other parties use the term, "Dish," as part of a toll-free number. As part of these analyses, I examined the available data and documents as well as the relevant expert report with work product produced to date.

(Stec Report pg. 2-3).

There is no question Stec's report goes outside the limits of a rebuttal expert insofar as he offers opinions on the secondary meaning of the term "DISH." Johnson's report concerns whether the term "DISH" is associated in the minds of consumers as a brand name and whether there is a likelihood of confusion when used as part of a toll-free number. Stec's report, concerning the secondary meaning of the term "DISH", departs from the subject of Johnson's report on this issue. Therefore, Stec is not permitted to opine on the secondary meaning of the term "DISH" but is limited to rebutting Johnson's report.

Because Plaintiff has demonstrated that the untimeliness of Stec's report will result in

prejudice to them in terms of expense and additional deposition and discovery the Court finds the appropriate sanction under Rule 37 is to prohibit Stec from offering testimony of his non-rebuttal opinion evidence and further prohibits introduction of the 2011 survey relied on by Stec.  Defendants have failed to demonstrate harmlessness or failed to offer sufficient justification for the lateness of Stec's non-rebuttal testimony.

Therefore, for the foregoing reasons, the Court grants Plaintiff's Motion.  The Court denies Plaintiff's motion insofar as it seeks attorney fees and costs associated with its Motion.

IT IS SO ORDERED.

                                         s/ Christopher A. Boyko
                                         CHRISTOPHER A. BOYKO
                                         United States District Judge

Dated:  January 8, 2015